# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEITH JOHNSON-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-01586-JCH |
| | ) | |
| JULIA CHILDREY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Keith Johnson-Bey's motion for leave to proceed in forma pauperis. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $41.98. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of the instant motion, plaintiff submitted an affidavit and a certified inmate account statement. (Docket No. 3). The certified inmate account statement shows an average monthly deposit of $209.91. The Court will therefore assess an initial partial filing fee of $41.98, which is 20 percent of plaintiff's average monthly deposit. If plaintiff is unable to pay the initial partial filing fee, he must provide the Court with an updated inmate account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff is a pretrial detainee at the St. Louis County Justice Center. (Docket No. 1 at 2). He brings this action pursuant to 42 U.S.C. § 1983. He names Julia Childrey, A. Kearney, and Connie Unknown as defendants. The defendants are sued in both their official and individual capacities.

Plaintiff's complaint is handwritten on a Court-provided § 1983 form. In the "Statement of Claim" section, plaintiff notes that his allegations are all "stated in [his] grievance," which is attached to the complaint. The grievance will be treated as part of the pleading. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

In his grievance, plaintiff states that on August 4, 2018, at around 4:00 a.m., he notified the officer on duty that he was suffering from a headache and chest pain. (Docket No. 1-1 at 1). This officer advised other officers in the bubble. Plaintiff also told the officers that he had taken two nitroglycerin tablets.

About twenty minutes later, plaintiff was advised by a woman he identifies as Ms. Jackson that the nurse wanted to know why his head and chest were hurting again. At 4:25 a.m., plaintiff states that he took another nitroglycerin tablet because the pain was not getting any better. Around 4:30 a.m., a correctional officer came to plaintiff's cell, placed him in handcuffs, and took him to the duty nurse, who plaintiff identifies as defendant Connie Unknown. (Docket No. 1-1 at 1-2).

Plaintiff states that Nurse Connie took fifteen minutes to get him hooked up to the electrocardiogram (EKG) machine. (Docket No. 1-1 at 2). However, plaintiff claims that the EKG machine kept saying that something was unhooked, even though everything was hooked up properly. In an attempt to get the machine to work, Nurse Connie had plaintiff hold the cord, even though he told her that his pain was at a ten. Despite their efforts, the EKG machine did not give any readings.

A second nurse arrived, but the two nurses could not get the EKG machine to work. Nurse Connie sent the second nurse to get a second EKG machine. By this time, plaintiff states, it had been an hour since he told officers he was having chest pain and suffering from a headache. When the second machine arrived, however, it was not reading accurately, and plaintiff claims that Nurse Connie could not tell him if he was okay or not. Nurse Connie advised plaintiff that she would have the doctor look at the reading and sent him back to his cell.

Plaintiff further states that at the time he wrote the complaint, he had been in the St. Louis County Justice Center for thirty-six days. During that time, he claims that he has not been able to have a regular, daily bowel movement without the use of laxatives. He also notes that he suffers from a 1991 gunshot wound to his left leg that became infected. Due to this infection, he had a pump placed into his stomach. Plaintiff states that this condition has gotten worse as the years pass.

Plaintiff believes that there is a conspiracy against him and he is starting to fear for his safety. He accuses the St. Louis County Justice Center of neglect and negligence, and states that he is "calling for" Nurse Connie's job, along with that of her supervisor. He alleges that it was known that the medical equipment was not working properly and that nothing was done to address the issue. He further notes that he has a "full history of mental health issues" but has not received his medications since arriving at the jail.

In the "Injuries" section of his complaint, plaintiff states that his condition existed before entering the jail. (Docket No. 1 at 4). He does suggest the possibility that a new condition has arisen that has been allowed to go undetected.

Plaintiff seeks to have all his medical issues treated and paid for. (Docket No. 1 at 5). He also requests compensation for the untreated medical conditions that have caused his physical and mental condition to backslide.

## Discussion

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names Julia Childrey, A. Kearney, and Connie Unknown as defendants. He alleges that Nurse Connie violated his constitutional rights when the St. Louis County Justice Center's EKG machine failed to work properly when he was having chest pains. Defendants Childrey and Kearney are not mentioned

in the complaint, other than in the caption. Having carefully reviewed and liberally construed plaintiff's allegations, and for the reasons discussed below, the Court must dismiss plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

**A. Official Capacity Claims**

Plaintiff's official capacity claims against defendants Childrey, Kearney, and Connie Unknown must be dismissed.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Plaintiff alleges that Connie Unknown and A. Kearney are nurses employed by Corizon, a correctional healthcare provider that provides medical services to inmates.[1] Therefore, plaintiff's official capacity claims are actually claims against Corizon.

In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. To establish such liability, plaintiff must demonstrate that a constitutional violation resulted from (1) an official

---
[1] Defendant Childrey's employment status is unclear.

policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise. *See Mick v. Raines*, 883 F.3d 1075, 1089 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same"). Thus, there are three ways in which plaintiff can prove Corizon's liability.

First, plaintiff can show the existence of an unconstitutional policy. "Policy" refers to "official policy, a deliberate choice of a guiding principle or procedure made by the…official who has final authority regarding such matters." *Corwin v. City of Independence, Mo.*, 829 F.3d 695, 700 (8th Cir. 2016). *See also Russell v. Hennepin Cty.*, 420 F.3d 841, 847 (8th Cir. 2005) ("A policy is a deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible…for establishing final policy with respect to the subject matter in question"). For a policy that is unconstitutional on its face, a plaintiff needs no other evidence than a statement of the policy and its exercise. *Szabla v. City of Brooklyn, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007). However, when a policy is constitutional on its face, but it is asserted that an entity should have done more to prevent constitutional violations by its employees, "a plaintiff must establish the existence of a 'policy' by demonstrating that the inadequacies were a product of deliberate or conscious choice by the policymakers." *Id.* at 390.

Alternatively, plaintiff can establish a claim of liability based on an unconstitutional "custom." In order to do so, he must demonstrate:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

*Johnson v. Douglas Cty. Med. Dep't*, 725 F.3d 825, 828 (8th Cir. 2013).

Finally, plaintiff can assert Corizon's liability by establishing a deliberately indifferent failure to train or supervise. To do so, he must allege a "pattern of similar constitutional violations by untrained employees." *S.M. v. Lincoln Cty.*, 874 F.3d 581, 585 (8th Cir. 2017).

Plaintiff's complaint contains no allegations asserting that Corizon had an unconstitutional policy or custom, or that it was deliberately indifferent in failing to train or supervise its employees. As such, plaintiff's official capacity claims must be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

**B. Individual Capacity Claims Against Defendants Childrey and Kearney**

Plaintiff's individual capacity claims against defendants Childrey and Kearney must be dismissed because he has not asserted any allegations against them.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *Wong v. Minnesota Dep't of Human Servs.*, 820 F.3d 922, 934 (8th Cir. 2016). Specifically, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). A plaintiff bringing a § 1983 action must include in his complaint "either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Brooks v. Roy*, 776 F.3d 957, 960 (8th Cir. 2015).

Moreover, liability under § 1983 "requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990).

Plaintiff's complaint, including the attached grievance, does not contain specific allegations against defendants Childrey or Kearney. Neither is mentioned by name in the grievance and he fails to provide facts showing they were directly responsible for any constitutional violations. Simply listing their names in the case caption is insufficient for purposes of stating a § 1983 claim. *See Krych v. Hvass*, 83 Fed. Appx. 854, 855 (8th Cir. 2003) (agreeing with district court dismissal of defendants who were merely listed in his complaint, and who were not alleged to have been personally involved in the constitutional violations). As such, plaintiff's individual capacity claims against defendants Childrey and Kearney must be dismissed.

**C. Individual Capacity Claim Against Defendant Connie Unknown**

Plaintiff's individual capacity claim against defendant Connie Unknown must be dismissed because plaintiff has not alleged that she was deliberately indifferent to his medical needs.

The Fourteenth Amendment provides at least as much protection to pretrial detainees as the Eighth Amendment does to convicted prisoners. *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004). Accordingly, a pretrial detainee's medical claims are analyzed under the Eighth Amendment's deliberate indifference standard. *See Grayson v. Ross*, 454 F.3d 802, 808 (8th Cir. 2006).

Pursuant to the Eighth Amendment, the government has an obligation to provide medical care for those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison

official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

Proving deliberate indifference requires a showing that a "medical provider knew of and disregarded a serious medical need." *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 795 (8th Cir. 2006). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995). A showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015). Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014). In order to meet the objective component of this standard, the complaint must plead facts sufficient to demonstrate that the plaintiff suffered from an objectively serious medical need, meaning one that has been diagnosed by a physician as requiring treatment or that is so obvious even a layperson would recognize the need for a doctor. *See Barton*, 820 F.3d at 964.

According to plaintiff's grievance, Nurse Connie Unknown was the nurse on duty on August 4, 2018, when plaintiff suffered chest pains. He alleges that Nurse Connie attempted to

use an EKG machine to monitor his heart. He states that it took fifteen minutes to get him hooked up to the machine, but that the machine was not working properly. Nurse Connie sent for a second machine, but this machine was apparently not functioning with accuracy. Plaintiff states that Nurse Connie sent him back to his cell telling him that she would have a doctor look at the second machine's readings.

These facts do not constitute a claim for deliberate indifference to plaintiff's serious medical needs. There is no assertion that Nurse Connie intentionally denied or delayed his access to medical care; to the contrary, the facts demonstrate that Nurse Connie met with plaintiff and attempted to use an EKG machine to gauge plaintiff's heart activity. When the second machine did not appear to be reading accurately, she advised plaintiff she would check with the doctor. He does not suggest why this was improper or violative of his constitutional rights.

Plaintiff further implies that Nurse Connie knew the machine was not working properly, but does not provide factual support for this conclusion. Certainly, he does not allege that Nurse Connie's actions with regards to the EKG machine constituted serious disregard of plaintiff's known medical needs. Rather, he submits that her actions amounted to neglect and negligence. However, medical malpractice or negligence does not rise to the level of a constitutional violation. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (stating that mere negligence or inadvertence does not rise to the level of deliberate indifference, which "requires a highly culpable state of mind approaching actual intent"); and *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment). For these reasons, plaintiff's individual capacity claims against defendant Connie Unknown must be dismissed.

### D. Plaintiff's Medication Claim

In his grievance, plaintiff mentions in passing that he has a history of mental health issues and that he has not been receiving his medication in the St. Louis County Justice Center. However, he has not alleged that any of the named defendants are responsible for providing his medication, nor does he offer the name of any other person at the St. Louis County Justice Center who might be accountable. Further, he does not provide any facts regarding this medication, such as its name, its purpose, or the potential consequences of his failure to receive it. Finally, he does not allege that anyone at the St. Louis County Justice Center has intentionally interfered with him receiving his medication. Therefore, plaintiff's claim regarding his failure to receive his medication must be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $41.98 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is subject to dismissal for failure to state a claim and/or because it is legally frivolous subject to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this ___30th___ day of _____January_____, 2019.

\s\  Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE